[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM RE: PLAINTIFF'S POST JUDGMENT MOTIONS FOR CONTEMPT PRACTICES (#150) AND FOR COUNSEL FEES (#151)
Plaintiff has requested that the Defendant be adjudged in contempt for his failure to pay an arrearage of $2,000 as ordered by the court on July 19, 1999, and that the Defendant pay counsel fees for services required as a result of this failure.
BACKGROUND:
On July 13, 1998, the Court, Tierney, J., entered a judgment of dissolution of the parties' marriage which incorporated their Separation Agreement dated July 2, 1998.
Plaintiff moved that Defendant be held in contempt, by motion dated February 3, 1999. Judge Kavanewsky, on July 19, 1999, CT Page 13930 approved and adopted an agreement resolving the issues which required Defendant to pay to Plaintiff $3293.41 per month alimony for the months of July, August and September, 1999. Alimony payments were required to be paid on the first of each month. The August payment was not received until August 19 and the payment was in an amount less than required by the court order, i.e., $1293.41 instead of $3293.41. Plaintiff filed a motion for contempt, dated August 24, 1999, for Defendant's failure to comply and a hearing was scheduled for September 7. On September 3, after receipt of the motion for contempt, Defendant delivered to Plaintiffs counsel a check for the balance of $1940.
At the October 4 hearing, Defendant claimed that, on August 1, he mailed checks totaling the full $3293.41 in two separate envelopes, one check in the amount of $1293.41 and another in the amount of $1940. After Plaintiff produced an envelope with a Pitney Bowes stamp dated August 9, Defendant revised his story and indicated that the envelope was mailed on August 6, not August 1. In fact, the Plaintiff did not receive the envelope with check #257 dated August 1, 1999 until August 19, 1999. Defendant was employed by Hewlett Packard at the time and the one envelope received was a Hewlett Packard envelope. The Court finds that Defendant stamped this envelope with his employer's Pitney Bowes stamp machine on August 9, but did not mail the envelope until just prior to August 19, two and one half weeks after the check was due. The Court also finds that no second envelope with a $1940 check was mailed to the Plaintiff. Rather, after sending the $1,293.41 check on August 19, Defendant did not pay the balance of $1940 until September 4, three days before the hearing on the motion for contempt. Defendant's failure to pay was willful and deliberate. Defendant had access to a credit line to make the payment had he so desired. Prior to August 1, he had used this line for other purposes.
As a result of Defendant's failure to comply with the terms of the Separation Agreement and the Court's prior orders, Plaintiff has been forced to incur legal fees. Attorney's fees may be awarded even though Defendant has paid the overdue amount prior to the date of the hearing. The parties Separation Agreement, Paragraph 12.3 provides for the payment of such fees in the event of a breach of said agreement. This agreement was incorporated into the dissolution decree. The Defendant's actions in this matter warrant the imposition of attorney's fees. It is ordered that the Defendant pay to the Plaintiff the amount of $1500 as counsel fees, said payment to be made on or before CT Page 13931 November 15, 1999.
HILLER, J.